The Honorable Joe Molinaro State Representative 204 Amber Oaks Drive Sherwood, AR 72120
Dear Representative Molinaro:
This is in response to your request for an opinion on the following questions:
 1. Is the Arkansas Municipal League Health Benefit Fund regulated and controlled by the laws of the State of Arkansas and/or by the Arkansas Insurance Commission?
 2. Is the Arkansas Municipal League Workers' Compensation Trust Fund regulated and controlled by existing State of Arkansas Workers' Compensation laws and/or by the State Insurance Commission?
In response to your first question, it is my opinion that the Municipal League Health Benefit Fund is not, as a general matter, subject to the jurisdiction of the Insurance Department ("Department"). This conclusion is compelled primarily by the Arkansas Code provision governing the Department's jurisdiction over self-insured plans, wherein an exception is provided for entities which are "subject to the jurisdiction of . . . any subdivisions [of this state]. . . ." A.C.A. § 23-61-503 (Repl. 1994).[1] See also Op. Att'y Gen. Nos. 89-097 and 89-034 (noting the Department's position that it does not regulate the Health Benefit Fund, and concluding that a court would likely agree that the Fund is not subject to the jurisdiction of the Department).
As to that part of your question concerning the applicability of any state laws, a conclusive response would require reference to the particular issue or facts at hand. Specific state law requirements or regulations could, for instance, come into play with respect to individual coverage questions. Such matters will, however, require resolution on a case-by-case basis.
With regard to your second question involving workers' compensation coverage, reference must be made to A.C.A. §§ 14-60-101 through -106 (1987 and Supp. 1997), which require that such coverage be provided for municipal officials, employees, and volunteer fire fighters. A.C.A. §14-60-101 (Supp. 1997).[2] Municipalities are specifically authorized under § 14-60-104 (Supp. 1997) to provide coverage through private carriers or self-funding groups. The requirements applicable to self-funding groups are set forth under § 14-60-104. Because Section14-60-104 is the controlling law, I will set forth the full text of this Code provision. Section 14-60-104 provides as follows:
 (a) Municipalities may provide workers' compensation coverage either through private carriers or through one or more self-funding groups.
 (b) Self-funding groups established for this purpose shall meet the following requirements:
 (1) Any self-funding group established to provide such coverage for municipalities only shall offer coverage to any municipality in the state that applies for coverage;
 (2) Any such group established to provide coverage for both municipalities and counties shall offer coverage to any municipality or county in the state desiring to participate therein;
 (3) Any group established to provide workers' compensation coverage to municipalities or to counties and municipalities shall offer such coverage at rates as established and filed with the Workers' Compensation Commission by the organization establishing the self-funding group. Rates for municipalities participating in any such group shall be revised annually based on the cost experience of the particular municipality, or group of municipalities, or group of municipalities and counties; and
 (4)(A) Any self-funding group of participating municipalities or counties which is governed by a board of trustees of elected municipal or county officials shall be subject to the regulations of the Workers' Compensation Commission applicable to self-insured groups or providers. However, cities and counties shall not be required to enter into an indemnity agreement binding them jointly and severally.
 (i) Each board governing a self-funding group shall be permitted to declare dividends or give credits against renewal premiums based on annual loss experience.
 (ii) All self-funded groups shall obtain excess reinsurance from an admitted or approved insurance company doing business in Arkansas.
 (B) However, in lieu of the reinsurance requirements in subdivision (b)(4)(A), any self-funded group under this section with one million five hundred thousand dollars ($1,500,000) or more in annually collected premiums may provide excess reserves of twenty percent (20%) of annual premiums by any one of the following ways:
(i) Cash or certificates of deposit in Arkansas banks;
(ii) Letters of credit from an Arkansas bank; or
 (iii) Purchase of reinsurance from the National League of Cities' Reinsurance Company.
In response to your specific question, therefore, the Municipal League workers' compensation trust fund is subject to the regulations of the Workers' Compensation Commission applicable to self-insured groups or providers. A.C.A. § 14-60-104(b)(4)(A). It is not regulated or controlled by the State Insurance Department.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh
[1] The Municipal League Health Benefit Fund is a self-insurance program for its municipal members, created jointly by the cities for the purchase of insurance services. See generally A.C.A. § 14-54-101
(regarding the corporate powers of cities as including authority to "[j]oin with other municipalities in the purchase of equipment, supplies, or services[.]")
[2] In accordance with § 14-60-102 (1987), claims incurred on or after July 1, 1985, are the responsibility of the municipalities. The state continues to be responsible for claims incurred prior to July 1, 1985.See A.C.A. § 21-5-601 et seq. (Repl. 1996), the Public Employee Workers' Compensation Act, regarding the state's administration of public employee workers' compensation claims through the Public Employee Claims Division within the State Insurance Department.